## THOMAS F. O'GARA & others *vs.* JOHN MORIARTY.

Three members of a committee of eleven appointed by a society of fifty to manage a fair and take charge of its proceeds cannot maintain an action for money had and received, to recover such proceeds from a person to whom one of the three paid them " to be disposed of by vote of the society," and who was treasurer of the society at the time of such payment.

CONTRACT by Thomas F. O'Gara and two others for money had and received to their use.

At the trial in the superior court, before *Putnam*, J., the following facts appeared: In the city of Lawrence, in April 1866, there was a society of fifty or sixty persons, called a "Fenian Circle," which on April 2 chose a committee of eleven, of whom the plaintiffs were three, to manage a Fenian fair and "take charge of the money received." The profits of the fair amounted to fourteen hundred dollars, which Daniel C. O'Sullivan, one of the plaintiffs, whom the committee chose as their treasurer, paid to the defendant, who was treasurer of the Circle; and O'Sullivan testified that, although at the time of thus paying the money he told the defendant that it was "to be kept till called, and expended as he was directed," yet after such payment "he did not consider himself responsible for it, or to have anything more to do with it," but "it was put into the defendant's hands to be disposed of by vote of the association," and "the understanding was that the money was to be sent to head-quarters in New York, as soon as possible, to John O'Mahoney." Some time afterwards, O'Sullivan asked the defendant to pay back the money; but he refused to do so, saying that he "had rendered services to that amount," but afterwards agreed to give it up, if one Cusick, who meanwhile had succeeded him as treasurer of the Circle, would call for it, and did in fact pay to Cusick all of it but three hundred dollars, saying that that sum "was little enough for his services, and he did not know why he had not as good a right to keep it as others who had received money and kept it." It further appeared that "a committee was chosen to wait on the defendant to get said money," but it did not appear by whom it was chosen, nor of whom it consisted except one Patrick Mullen, who testified that as a member of it he waited on the defendant, who said that he "would pay over the balance as soon as it was wanted for any purpose." And O'Sullivan further testified that this action was prosecuted "by and for the benefit of the Circle."

The judge ruled that on this evidence the plaintiffs could not maintain their action, and directed a verdict for the defendant. The plaintiffs alleged exceptions.

*D. Saunders, Jr.,* (*C. Saunders* with him,) for the plaintiffs.

*E. T. Burley*, for the defendant, was not called upon.

BY THE COURT. There was no contract shown by which the plaintiffs had any right of action. The defendant never engaged or undertook to pay the money to these plaintiffs in any event, nor was he under any obligation from which such an undertaking or ʼiability can be inferred.

*Judgment on the verdict, for the defendant.*